# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57856-5-II |
| Respondent, | |
| v. | |
| BRANSON RAYMOND JAMES MCKEE, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Branson R. J. McKee appeals his sentence for second degree criminal trespass, arguing the $250 crime victim penalty assessment (CVPA) must be stricken from his judgment and sentence. The State agrees that the CVPA should be stricken. We agree and remand to the trial court to strike the CVPA from McKee's judgment and sentence.

## FACTS

McKee was found guilty of second degree criminal trespass, a misdemeanor. RCW 9A.52.080(2). At sentencing, the trial court found that McKee was indigent. As part of McKee's sentence, the trial court imposed a $250 CVPA.

McKee appeals.

## ANALYSIS

McKee argues that the CVPA should be stricken because the CVPA is no longer authorized by statute. The State agrees the CVPA should be stricken. We agree and remand to the trial court to strike the CVPA.

No. 57856-5-II

Effective July 1, 2023, the CVPA is no longer authorized for indigent defendants. LAWS OF 2023, ch. 449 § 1; RCW 7.68.035(4). And changes to the legislation governing legal financial obligations apply to cases on direct appeal when the change was enacted. *State v. Matamua*, ___ Wn. App. 2d ___, 539 P.3d 28, 39 (2023).

Because the CVPA is no longer authorized by statute, it should be stricken. Accordingly, we remand to the trial court to strike the CVPA.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, J.

Glasgow, C.J.

2